UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES**,<br><br>          Plaintiff,<br><br>     v.<br><br>**UNITED STATES POSTAL SERVICE**,<br><br>          Defendant. | Civ. No. 07-1233 (CKK) |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF THE ADMINISTRATIVE RECORD**

Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, Plaintiff moves the Court to compel the production of the administrative record for the agency decision under review in the accompanying Motion for Summary Judgment. In that Motion, Plaintiff challenges a pair of Rulings by Defendant United States Postal Service ("USPS") that permit animal fighting trade publications to be mailed, in direct contravention of a recent Congressional mandate barring distribution of such illegal commercial materials through the mail service.

Plaintiff requested on August 1, 2007, and again on September 12, 2007, that USPS produce the administrative record for the relevant Rulings. On October 9, 2007, and in accordance with Local Civil Rule 7(m), counsel for Plaintiff again contacted counsel for USPS and attempted to avoid the filing of this Motion to Compel by requesting that USPS produce the administrative record concurrently with (or prior to) its response to the Motion for Summary Judgment filed by Plaintiff today. Plaintiff also offered to consent to a reasonable extension of time for USPS to respond to Plaintiff's Motion for Summary

Judgment so that it might file the administrative record at that time. In response, counsel for USPS advised that USPS would not provide the administrative record, and that it would oppose this motion as "unnecessary" because USPS intends to ask the Court to dismiss this action on jurisdictional grounds.

However, that position puts the cart before the horse, presupposing not only that the Court will rule in USPS's favor, but also speculating that the Court will rule on *one particular basis* – among many possible outcomes – that may not require review of the record. Even if the Court does ultimately rule for USPS on jurisdictional grounds, having the administrative record available to the Court while it decides whether to do so (or whether, for instance, to base its ruling on the merits of Plaintiff's claim) in no way prejudices USPS. The Administrative Record will likely not be particularly voluminous or burdensome for USPS to produce, since it does not involve public notice and comment or extensive fact finding, and resulted in less than three pages' worth of written findings by USPS.

USPS's refusal cannot be squared with the APA, which provides, without qualification, that the reviewing court "shall review the whole record" before "decid[ing] all relevant questions of law," and before "interpret[ing] . . . statutory provisions." 5 U.S.C. § 706. Plaintiff now has a Motion for Summary Judgment pending that entreats the Court to "decide [ ] relevant questions of law" and "interpret . . . statutory provisions." *See id.* As the Court of Appeals has recognized, in order to ensure fair review of an agency action in such circumstances, the reviewing Court "should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Memorial Hosp. v. Heckler,* 749 F.2d 788, 792 (D.C. Cir. 1984). Thus, the APA "requires review of the whole record" in order to prevent a party from "withhold[ing] evidence unfavorable to its case." *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 10 (D.D.C. 2001); *see also*

*Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971) ("review is to be based on the full administrative record that was before the Secretary at the time he made his decision").

Plaintiff cannot wait indefinitely while USPS withholds the administrative record, thus delaying resolution of this case, because the illegal trafficking of hundreds if not thousands of fighting animals advertised in the Publications at issue here continues unabated while USPS permits the continued mailing of those Publications, despite an express Congressional mandate to the contrary. *See* Mem. In Supp. of Pl.'s Mot. for Summ. J., Section II(B). Indeed, the Publications at issue continue to turn up at law enforcement raids of the illegal animal fighting ventures directly promoted by the Publications, and at which Plaintiff regularly assists with critical animal handling expertise at great and ongoing financial expense. *See* Declaration of Ann Chynoweth at ¶¶ 3-15 (Ex. A to Mem. In Supp. of Pl.'s Mot. for Summ. J.). Since Plaintiff is entitled under the Federal Rules of Civil Procedure to move the Court for summary judgment at any time after twenty days has elapsed since filing the Complaint, *see* Fed. R. Civ. P. 56(a), Plaintiff had no choice but to file its Motion to Compel Production of Administrative Record concurrently with its Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Production of the Administrative Record should be granted, and Defendant should be ordered to produce the administrative record concurrently with or prior to filing its response to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,


\_\_/s/_____
Ethan Carson Eddy (D.C. Bar No. 496406)
Rebecca G. Judd (D.C. Bar No. 486315)
Jonathan R. Lovvorn (D.C. Bar No. 461163)

THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037
(202) 676-2329
(202) 778-6132 (fax)
eeddy@hsus.org

*Counsel for Plaintiff*


Stuart Philip Ross (D.C. Bar No. 031658)
Sarhana Livingston (D.C. Bar No. 975886)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 662-2000

October 10, 2007                    *Of Counsel for Plaintiff*

4