UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 07-1233-CKK |

## <u>ANSWER</u>

COMES NOW the Defendant, United States Postal Service, through counsel, and respectfully submits the following Answer to Plaintiff's Complaint:

### First Defense

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing to bring this Complaint.

### Second Defense

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Defendant is not subject to the provisions of the Administrative Procedure Act ("APA") codified in chapters 5 and 7 of title 5 of the United States Code in the instant proceeding.

### Third Defense

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff has no private right of action under either the Animal Welfare Act or the Postal Reorganization Act.

**Fourth Defense**

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff's Complaint is not based on any final agency action, ruling or decision subject to judicial review.

**Fifth Defense**

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because the Defendant's decision at issue was committed to agency discretion by law.

**Sixth Defense**

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because the Animal Welfare Act does not prohibit the interstate shipment of the subject Publications.

**Seventh Defense**

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because the subject Publications are mailable under 39 U.S.C. § 3001 and the Domestic Mail Manual.

**SPECIFIC RESPONSES**

With respect to the first unnumbered paragraph of the Complaint, Defendant admits only that Plaintiff purports to challenge a response to correspondence by the United States Postal Service that the Plaintiff has characterized as a "June 26, 2007 decision . . . denying The Humane Society of the United States' petition to prohibit the mailing of animal fighting materials." Defendant denies that the Publications are catalogs.  Defendant avers that the Publications are Periodicals that contain editorial content.  The remainder of the first unnumbered paragraph contains Plaintiff's characterizations of the instant action and conclusions of law to which a

response is not required, but to the extent a response is deemed required, Defendant denies the characterizations and conclusions of law.

With respect to the second unnumbered paragraph of the Complaint, Defendant admits only that Plaintiff purports to file this action "as related to *The Humane Society of the United States v. Amazon.com, Inc., et al*., Civ. No. 07-0623." The remainder of the second unnumbered paragraph contains Plaintiff's characterizations of the instant action and conclusions of law and not allegations of fact to which a response is not required, but to the extent a response is deemed required, Defendant denies the characterizations and conclusions of law.

### Jurisdiction

1.       Paragraph 1 of Plaintiff's Complaint contains Plaintiff's jurisdictional allegation, to which no response is required.

### Venue

2.       Paragraph 2 of Plaintiff's Complaint contains Plaintiff's venue allegation, to which no response is required.

### The Parties

3.       Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.       Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence in paragraph 4. With respect to the second sentence in paragraph 4, Defendant is without the knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that "Plaintiff was instrumental in securing the passage of the Federal Animal Welfare Act Amendments of 1976, 2002, and 2007" and the "Animal Fighting Prohibition Enforcement Act of 2007 at issue here."

With respect to the remainder of paragraph 4, Defendant denies Plaintiff's characterizations and avers that the Federal Animal Welfare Act Amendments of 1976, 2002, and 2007, the Animal Fighting Prohibition Enforcement Act of 2007, and H.R. Rep. No. 110-27 speak for themselves.

5.      Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5.

6.      Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6.

7.      Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7.

8.      Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8.

9.      With respect to the first sentence in paragraph 9, Plaintiff's allegations that the "animal fighting ventures" referred to in this paragraph "are promoted and furthered by the publications at issue here and by the Publications' delivery through the mail service," contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of the first sentence in paragraph 9.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the second sentence of paragraph 9.

10.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10.

11.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 11.  With respect to the second sentence in paragraph 11, Plaintiff's allegations that the "animal fighting ventures" referred to in this paragraph are "unlawful" and that "the delivery of the publications at issue here through the mail service promotes and furthers" those "animal fighting ventures" contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation in the remainder of the second sentence in paragraph 11.

Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the third sentence of paragraph 11.

12.     The first sentence in paragraph 12 contains conclusions of law to which a response is not required, but to the extent a response is deemed required, Defendant denies the conclusions of law.

With respect to the second sentence in Paragraph 12, Plaintiff's allegations that Defendant's "actions" are "unlawful," that the "animal fighting ventures" referred to in this sentence are "unlawful," and that "[b]ut for" Defendant's actions, "Plaintiff would not be required to handle, house, and care for hundreds of aggressive animals" from the "animal fighting ventures" referred to in this sentence, contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation in the remainder of the second sentence in paragraph 12.

With respect to the third sentence in Paragraph 12, Plaintiff's allegations that Defendant's "conduct" is "unlawful," that Defendant's conduct "directly impedes Plaintiff's activities," and that Defendant's conduct "causes a significant drain on [Plaintiff's] resources and time" contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation in the remainder of the third sentence in paragraph 12.

13.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first and second sentences of paragraph 13.  With respect to the third sentence in Paragraph 13, Plaintiff's allegations that the "animal fighting ventures" referred to in this sentence are "unlawful," that Defendant's "actions" are "unlawful," and that the "animal fighting ventures" referred to in this sentence "would cease to exist but for" defendant's actions, contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation in the remainder of the third sentence in paragraph 13.

14.    Plaintiff's allegations that Plaintiff has "injuries," that "Plaintiff's injuries will be redressed if Plaintiff prevails in this action," that "Plaintiff's injuries will be redressed if "the publications at issue here are declared nonmailable," that "if the publications at issue here are declared nonmailable, animal fighting and trafficking in fighting animals will be substantially reduced," and that the "animal fighting ventures" referred to in this paragraph are "illegal," contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge

or information sufficient to form a belief as to the truth of each and every allegation in remainder of paragraph 14.

15.    Paragraph 15 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.

16.    Defendant admits that it is "headquartered in the District of Columbia" and that "it is responsible for the delivery of mail in the United States."  Defendant denies the remainder of the allegations in the first sentence in paragraph 16.  Defendant avers that 39 U.S.C. § 201 speaks for itself.  Defendant also avers that the United States Postal Service is an independent establishment of the executive branch of the Government of the United States subject to the statutory provisions of Title 39, U.S. Code.

## STATUTORY AND REGULATORY FRAMEWORK[1]

### A.    Federal Animal Welfare Act

17.    With respect to the first sentence in paragraph 17, Defendant admits that on May 3, 2007, President George W. Bush signed the Animal Fighting Prohibition Enforcement Act (hereinafter "AFPEA") of 2007, Public Law No. 110-22, H.R. 137/S. 261.  Plaintiff's allegation that the AFPEA was "signed into law" is a conclusion of law to which a response is not required. Defendant avers that the Act and bill citied to by Plaintiffs speak for themselves.

The second sentence in paragraph 17 contains conclusions of law and not allegations of fact to which a response is not required.  Defendant avers that 7 U.S.C. § 2156 and the amendments thereto speak for themselves.

18.    Paragraph 18 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.

---

[1] To facilitate the Court's review of this Answer, Defendant uses headings in Plaintiff's Complaint.  These headings do not contain allegations of fact to which a response is required.

Defendant further denies that the words "commercial speech" and "promoting or in any other manner furthering" in the quoted text in paragraph 18 are italicized in the public law and statutes cited by Plaintiff. Defendant avers that the public law and statutes cited by Plaintiff and the amendments thereto speak for themselves.

19.    Defendant denies Plaintiff's allegation that "the legislative history accompanying the Act sets forth Congress's findings that the mailing of animal fighting publications, such as those at issue here, 'promot[es]' or 'further[s]' animal fighting in violation of 7 U.S.C. § 2156(c)." The remainder of paragraph 19 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the characterizations. Defendant avers that the "statutory modification" and "legislative history" referenced in this paragraph, and the statute cited by Plaintiff, speak for themselves.

20.    Paragraph 20 contains a quotation from the Congressional Record and not an allegation of fact to which a response is required. Defendant avers that the word "promote" in the quoted text in paragraph 20 is not italicized in 110 Cong. Rec. E656. Defendant avers that the portion of the Congressional Record cited by Plaintiff speaks for itself.

21.    Paragraph 21 contains a quotation from the Congressional Record and not an allegation of fact to which a response is required. Defendant avers that the portion of the Congressional Record cited by Plaintiff speaks for itself.

22.    Paragraph 22 contains a quotation from the Congressional Record and not an allegation of fact to which a response is required. Defendant avers that the portion of the Congressional Record cited by Plaintiff speaks for itself. Defendant avers that the words "two main cockfighting magazines" in the quoted text in paragraph 22 is not italicized in 110 Cong. Rec. E656.

23.    Defendant admits only that H.R. Rep. No. 110-27 contains the words "[n]eed for the Legislation," "[t]he animal fighting industry continues to thrive," "despite 50 State laws that ban dogfighting and 48 State laws that ban cockfighting," and "[n]umerous nationally circulated animal fighting magazines still promote these cruel practices, and advertise fighting animals and the accouterments of animal fighting."  The remainder of paragraph 23 contains Plaintiff's characterizations of the factual allegations in paragraph 23 and not allegations of fact to which a response is required. To the extent that a response is deemed required, Defendant denies the characterizations.  Defendant avers that the page of H.R. Rep. No. 110-27 cited by Plaintiff speaks for itself.  Defendant further denies that the word "promote" in the quoted text in paragraph 23 is italicized in H.R. Rep. No. 110-27, at 2.

24.    Paragraph 24 contains quotations from the Congressional Record and not allegations of fact to which a response is required.  Defendant avers that the portion of the Congressional Record cited by Plaintiff in paragraph 24 speaks for itself.

25.    With respect to the first sentence in paragraph 25, and to the extent that Plaintiff alleges that "the Publications at issue here promote or further animal fighting in violation of the law," Defendant avers that Plaintiff's allegation contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of the first sentence in paragraph 25.

The second and third sentences in paragraph 25 contain quotations from the Congressional Record and not allegations of fact to which a response is required.  Defendant avers that the remainder of paragraph 25 contains Plaintiff's characterizations of the factual

allegations in paragraph 25 and not allegations of fact to which a response is required, but to the extent that a response is deemed required, Defendant denies the characterizations. Defendant avers that the portion of the Congressional Record cited by Plaintiff in paragraph 25 speaks for itself.

26.     Defendant denies Plaintiff's allegation that "[t]he Senate . . . made specific findings that materials like the publications at issue here 'promote' animal fighting in violation of 7 U.S.C. § 2156." The remainder of the first sentence in paragraph 26 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law. The second and third sentences in paragraph 26 contain quotations from the Congressional Record and not allegations of fact to which a response is required. Defendant avers that the remainder of paragraph 26 contains Plaintiff's characterizations of the factual allegations in paragraph 26 and not allegations of fact to which a response is required. To the extent that a response is deemed required, Defendant denies the characterizations. Defendant further denies that the word "promote" in the quoted text in paragraph 23 is italicized in the portion of the Congressional Record cited by Plaintiff. Defendant avers that the portion of the Congressional Record cited by Plaintiff in paragraph 26 speaks for itself.

27.     With respect to the first sentence in paragraph 27, Defendant is without the knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that "cockfighting knives and gaffs" are "advertised in the publications at issue here." Defendant avers that the July 2007 issue of *The Gamecock* and the July 2007 and August 2007 issues of *The*

*Feathered Warrior* contain no advertisements for knives, spurs, or gaffs.[2]  Defendant avers that

Plaintiff's allegation that "cockfighting knives and gaffs" are "prominently" advertised is

characterization of a factual allegation and is not itself an averment of fact to which a response is

required.  To the extent that a response is deemed required, Defendant denies the

characterization.  The remainder of the first sentence in paragraph 27 contains conclusions of law

and not allegations of fact to which a response is not required, but to the extent that a response is

deemed required, Defendant denies the conclusions of law.

The second sentence in paragraph 27 contains conclusions of law to which a response is

not required.  Defendant avers that the act and statutes cited by Plaintiff in paragraph 27 speak

for themselves.

28.    Paragraph 28 contains quotations from the Congressional Record and not

allegations of fact to which a response is required.  Defendant avers that the portion of the

Congressional Record cited by Plaintiff in paragraph 28 speaks for itself.  Defendant avers that

the remainder of paragraph 28 contains Plaintiff's characterizations to which a response is not

required, but to the extent that a response is deemed required, Defendant denies the

characterizations.

29.    Paragraph 29 contains conclusions of law to which a response is not required.

Defendant avers that the legal authority cited by Plaintiff speaks for itself.

30.    Paragraph 30 contains conclusions of law to which a response is not required.

Defendant avers that the act and statutes cited by Plaintiff in paragraph 30 speak for themselves.

---

[2] Defendant notes that no copies of *The Feathered Warrior* or *The Gamecock* were attached to
Plaintiff's complaint.  Defendant's responses throughout this Answer are based on its review of
copies of the publications provided by the Plaintiff prior to the filing of the instant action and/or
copies of the publications that were kept on file with the Postal Service in the ordinary course of
business.

**B.    The Postal Act**

31.    Paragraph 31 contains conclusions of law to which a response is not required. Defendant avers that the correct name of the act referred to by Plaintiff as the "Postal Act" is "Postal Reorganization Act," Pub. L. No. 91-375 § 2 (1970).  Defendant further avers that the Postal Reorganization Act and statute cited to by Plaintiff speak for themselves.

32.    Defendant denies Plaintiff's characterization that the "USPS denied a petition to declare materials nonmailable."   Defendant avers that the Postal Service declined to take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable" ("Petition").  The remainder of Paragraph 32 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant avers that the act and statute cited by Plaintiff speak for themselves.

33.    Paragraph 33 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law. Defendant avers that the act and case cited by Plaintiff speak for themselves.

**C.    The Domestic Mail Manual**

34.    Defendant admits that it publishes the Domestic Mail Manual ("DMM"). Defendant avers that the DMM is published in "loose-leaf" format and online at http://pe.usps.com/.  The remainder of paragraph 34 contains conclusions of law to which a response is not required.  Defendant avers that the regulation cited by Plaintiff speaks for itself.

35.     Paragraph 35 contains a quotation from a provision of the DMM to which a response is not required.  Defendant avers that the provision of the DMM cited by Plaintiff speaks for itself.

36.     Paragraph 36 contains a quotation from a provision of the DMM and not an allegation of fact to which a response is required.  Defendant avers that the provision of the DMM cited by Plaintiff speaks for itself.

37.     Paragraph 37 contains conclusions of law to which a response is not required. Defendant avers that the provisions of the DMM cited by Plaintiff speak for themselves.

**D.     Administrative Procedure Act**

38.     Paragraph 38 contains conclusions of law to which a response is not required. Defendant avers that the Act and statute cited by Plaintiff speak for themselves.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIM FOR RELIEF**

**A.     The Animal Fighting Industry**

39.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that "[c]ockfights in Louisiana with gambling" are "advertised in the publications at issue here."  Defendant avers that the May 2007, June 2007, July 2007, and August/September 2007 issues of *The Gamecock* and the August 2007 issue of *The Feathered Warrior* contain no advertisements for bird fights.  The remainder of paragraph 39 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant avers that the statutes cited by Plaintiff, and the amendments thereto, speak for themselves.

40.     Paragraph 40 contains conclusions of law to which a response is not required. Defendant avers that the statutes cited by Plaintiff speak for themselves.

41.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 41.

42.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 42.

43.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 43.

44.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 44.

45.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 45.

46.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 46.

47.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 47.

48.    With respect to the first sentence in paragraph 48, Defendant avers that Plaintiff's allegation that the "gambling" referred to in this sentence is "illegal" is a conclusion of law to which a response is not required.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in remainder of paragraph 48.

49.    With respect to the first sentence in paragraph 48, Plaintiff's allegations that the "activities" referred to in this sentence are "criminal" and that the "weapon possession" referred to in this paragraph is "illegal" contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.

Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of paragraph 49.

50.     Plaintiff's allegation that the "drugs" referred to in this sentence are "illegal" is a conclusion of law to which a response is not required. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of paragraph 50.

51.     Defendant avers that paragraph 51 contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law. Defendant further avers that the statute cited by Plaintiff speaks for itself.

52.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 52.

53.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 53.

**B.    Animal Fighting Publications**

54.     Defendant denies that the Publications are catalogs. Defendant avers that the Publications are Periodicals that contain editorial content. Plaintiff's allegation that "bans" have been "passed in all fifty states" is a conclusion of law to which a response is not required. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of paragraph 54.

55.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 55 because the number of "subscribers" to the Publications (as opposed to the number of copies circulated) is not recorded

by the post offices that accept *The Gamecock* and *The Feathered Warrior* ("Publications") for mailing in the ordinary course of business.

56.     Defendant avers that the Publications are authorized to be mailed at the rate for "Periodicals," a class of mail that offers preferred rates for editorial content and that generally includes subscription magazines, newsletters, and newspapers.  The remainder of paragraph 56 contains Plaintiff's characterizations to which no response is required.  To the extent that a response is deemed required, Defendant denies the characterizations.

57.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence in paragraph 57.  With respect to the second sentence in paragraph 57, Defendant avers that Plaintiff's allegations that the "solicitations" referenced in this sentence are "criminal" and that the "fighting animals and weapons" referenced in this sentence "are illegal to buy and sell under federal law and the laws of many states" contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of the second sentence of paragraph 57.

58.     Defendant admits that page 15 of the May 2007 issue of *The Feathered Warrior* contains and advertisement for "birds" and that this advertisement contains the words "want to hurt something," "through neck," and "kills outright."  Defendant further admits that page 89 of *The Gamecock* contains the words "$1,000 & UP" and "still winning in major competition in gaff, short knife & long knife."  The remainder of paragraph 58 contains Plaintiff's characterizations of the factual allegations in paragraph 58 to which a response is not required. To the extent that a response is deemed required, Defendant is without the knowledge or

information sufficient to form a belief as to the truth of the characterizations.  Defendant further

avers that the Publications cited by Plaintiff in paragraph 58 speak for themselves.

59.    With respect to the first sentence in paragraph 59, Defendant admits that the

December 2006 issue of *The Feathered Warrior* contains an advertisement for dogs.  Defendant

avers that the December 2006 issue of *The Feathered Warrior* contains four advertisements and

that the advertisement for dogs contains the words "HOBBY BREEDER," "QUALITY

AMERICAN PIT BULL TERRIERS," "PUPPIES AND STUD SERVICE," "FLOYD & GUY

BOUDREAUX," and "NOT INTENDED FOR ANY ILLEGAL PURPOSES."  Defendant is

without the knowledge or information sufficient to form a belief as to the truth of each and every

allegation contained in the remainder of paragraph 59.

60.    Defendant admits that page 37 of the December 2006 issue of *The Gamecock*

cited in paragraph 60 contains an advertisement that contains the following quoted language:

"SALLY GAP GAME CLUB," "10,000 Sq. Ft.," and "Is Up And Running!!!"  Defendant avers

that Plaintiff's allegation that "cockfighting" is "illegal" in Kentucky is a conclusion of law to

which a response is not required.  Defendant avers that the remainder of paragraph 60 contains

Plaintiff's characterizations of the factual allegations in that paragraph to which a response is not

required, but to the extent that a response is deemed required, Defendant is without the

knowledge or information sufficient to form a belief as to the truth of the characterizations.

Defendant avers that the page of the issue of *The Gamecock* cited by Plaintiff, and the picture

therein, speak for themselves.

61.    With respect to the first sentence in paragraph 61, Defendant avers that Plaintiff's

allegation that the "animal fighting events" referenced in this paragraph are "unlawful" is a

conclusion of law and not an allegation of fact to which a response is not required.  Defendant is

without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of the first sentence in paragraph 61. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the second sentence in paragraph 61.

62.     With respect to the first sentence in paragraph 62, Defendant avers that Plaintiff's allegation that the "wagers" referenced in this paragraph are "illegal" is a conclusion of law to which a response is not required. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of the first sentence in paragraph 62.

With respect to the second sentence in paragraph 62, Defendant avers that Plaintiff's allegation that the "income" referenced in this sentence is "required by law" to be "reported to the Internal Revenue Service" is a conclusion of law to which a response is not required. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of the second sentence in paragraph 62.

Defendant avers that the third sentence in paragraph 62 contains conclusions of law to which a response is not required. Defendant avers that the "Publication" referenced by Plaintiff in this sentence speaks for itself.

63.     Defendant admits that page 5 of the April 2004 issue of *The Feathered Warrior* contains an advertisement. Defendant avers that this advertisement contains the words "Muldrow Oklahoma" at the top of the advertisement. Defendant admits that page 6 of the June 2007 issue of *The Feathered Warrior* contains an advertisement that contains the words "Entry fee" and "long knife derby." Defendant avers that the remainder of paragraph 63 contains conclusions of law and subjective characterizations to which a response is not required. To the

extent that a response is deemed required, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the characterizations but denies the legal conclusions. Defendant avers that the Publications cited by Plaintiff speak for themselves.

64.     Plaintiff's allegations that "cockfighting is illegal" in the "states" and "jurisdictions" referenced in this paragraph, that "birds for sale" were "transported in interstate commerce," that "birds for sale" were transported "illegally," and that "birds for sale" fought at "illegal cockfights" are conclusions of law to which a response is not required. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of paragraph 64. Defendant avers that the issues of *The Feathered Warrior* and *The Gamecock* cited in this paragraph, and the pages therein speak for themselves.

65.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence in paragraph 65. With respect to the second sentence in paragraph 65, Defendant admits that page 117 of the January 2006 of *The Gamecock* contains an advertisement for "blades" and that this advertisement contains the words "maximum cutting and penetration." Defendant avers that this advertisement contains the words "Unicoi, TN" in the bottom right-hand corner of the advertisement. Defendant admits that the June 2007 issue of *The Feathered Warrior* contains an advertisement for "knives."

Defendant avers that the remainder of paragraph 65 contains conclusions of law and subjective characterizations to which no response is required. To the extent that a response is deemed required, Defendant is without the knowledge or information sufficient to form a belief

as to the truth of the characterizations but denies the legal conclusions. Defendant avers that the issues of the Publications cited by Plaintiff, and the advertisements therein, speak for themselves.

66.    With respect to the first and second sentences in paragraph 66, defendant admits that page 12 of January 2006 issue of *The Feathered Warrior* contains the words "speed," "pure aggression," and "prepare your cock for battle." Defendant avers that page 12 of January 2006 issue of *The Feathered Warrior* contains an advertisement for "a natural hormone product" and that the words "a natural hormone product" appear in a paragraph under the words "pure aggression." Defendant avers that the quoted language in the parenthetical following "THE GAMECOCK 1 (May 2007)" is contained on the back of the front cover of the May 2007 issue of *The Gamecock* within an advertisement for "food proteins" and "vitamins." Defendant avers that the remainder of the first and second sentences in paragraph 66 contains Plaintiff's characterizations of the factual allegations in those sentences to which a response is not required. To the extent that a response is deemed required, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the characterizations. Defendant further avers that the pages of the Publications cited by Plaintiff speak for themselves.

The last sentence in paragraph 66 contains conclusions of law to which a response is not required.

67.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 67. The second sentence in paragraph 67 contains conclusions of law to which a response is not required. Defendant avers that the case cited by Plaintiff speaks for itself.

68.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 68.

69.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained the first sentence in paragraph 69.  Defendant admits that page 90 of the July 2006 issue of *The Gamecock* contains an advertisement and that this advertisement contains the words "Cherokee Game Farm Supply," "full line of game fowl supplies," and "Bill McNatt."  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained the remainder of paragraph 69.  Defendant avers that page 90 of the July 2006 issue of *The Gamecock* speaks for itself.

70.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 70.

71.     Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 71.

72.     Defendant avers that page 82 of the May 2007 issue of *The Gamecock* contains the letters "HCH."  Defendant avers that page 82 of the May 2007 issue of *The Gamecock* and, the photograph therein, speak for themselves.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of paragraph 72.

73.     Plaintiff's allegation that the "statute" referenced by Plaintiff "prohibits 'encouraging' animal fighting" is a conclusion of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusion of law. Defendant avers that the "statute" speaks for itself.  Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the remainder of paragraph 73.  Defendant avers that the plea cited by Plaintiff in paragraph 73 speaks for itself.

74.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 74.

75.    Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 75.

76.    Defendant admits that the Publications are distributed through the U.S. Postal Service but lacks knowledge as to the subjective intent of the "publisher of the Publications," "their employees," or "agents."  Defendant avers that the remainder of paragraph 76 contains conclusions of law to which a response is not required.  To the extent that a response is deemed required, Defendant denies the conclusions of law.

77.    Plaintiff's allegations that the "animal fighting ventures" referred to in this paragraph are "unlawful," that the "distribution" of the Publications through the mail "promotes and furthers" those "animal fighting ventures," and that certain animal fighting ventures "would not exist but for the commercial transactions made possible only by the Publications" contain conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.  Defendant denies the remainder of the allegations in paragraph 77.

**C.    Administrative Proceedings**

78.    Defendant admits the allegations in the first sentence in paragraph 78.  With respect to the second sentence, Defendant admits only that page 12 of the Petition of the Humane Society of the United States before the United States Postal Service (hereinafter "Petition") contains the language in the block quotation in  paragraph 78.  Defendant avers that the Petition speaks for itself.

79.    Defendant admits only that pages 12-13 of the Petition contain the language in the block quotation in paragraph 79.  Defendant avers that the Petition speaks for itself.

80.    Defendant admits that "Plaintiff submitted twenty attachments with the Petition" but denies that "copies of the Publications" were submitted with the twenty attachments. Defendant avers that copies of certain pages of the January 2006 issue of *The Feathered Warrior*, including the pages 12 and 15, were submitted as Attachment 2 to the petition, and that copies of certain pages of the January 2006 issue of *The Gamecock* were submitted as Attachment 3 to the petition.  Defendant further avers that the "copies of the Publications" cited by Plaintiff speak for themselves.  Defendant lacks knowledge as to the subjective intent of the Plaintiff.  To the extent that Plaintiff alleges that "the Publications promote or further unlawful animal fighting ventures in violation of the AWA, and that the Publications contain 'advertising, promotional, or sales that solicits or induces the mailing of' 'a live animal for the purpose of participating in an animal fighting venture'," Defendant avers that this statement contains conclusions of law to which a response is not required, but to the extent that a response is deemed required, Defendant denies the conclusions of law.

Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 80.  Defendant avers that the sections of the DMM cited by Plaintiff speak for themselves.

81.    Defendant admits that page 10 of the Petition contains the quoted language following the words "explaining that" in paragraph 81.  Defendant admits that Plaintiff "petitioned USPS to revoke the reduced-rate periodical mailing privileges" for "the Publications."  Defendant denies the remainder of paragraph 81 and avers that the page of the Petition cited by Plaintiff, and the DMM provision quoted therein, speak for themselves.

82.    Defendant admits only that the letter cited by Plaintiff in paragraph 82 is dated June 5, 2006, that this letter contains the quoted language in the first sentence in paragraph 82, and that this letter contains a quotation from H.R. Rep. No. 94-976, 23 (1976), reprinted in 1976 U.S.C.C.A.N. 783, 797.  Defendant denies Plaintiff's characterization that the "USPS denied Plaintiff's Petition."  Defendant avers that the Postal Service declined to take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable" ("Petition"), but denies that it did so "on the sole basis that the House Report to the 1976 amendments to the AWA stated that '[g]ame fowl publications would be unaffected except that advertising of fights involving live birds would be prohibited except in those instances where such fights are to be held in a State or territory where they are not unlawful'" (internal quotations omitted) as Plaintiff alleges in paragraph 82.

Defendant further denies Plaintiff's allegation that page 2 of the letter cited by Plaintiff contains the words "further developments in this law."  Page 2 of the letter cited by Plaintiff states, "If you can point to another authority that would suggest alternative interpretations of the AWA statue that gave rise to our mailing standards, we will reconsider our conclusions" and that page 2 of a Letter from Sharon Daniel to Jonathan Lovvorn, dated June 26, 2007, states "I appreciate your interests in this matter as well as your action to inform the Postal Service of these changes within the AWA.  If any further developments in this law should occur, or if you wish to bring other authority to my attention, please do so."

The remainder of paragraph 82 contains Plaintiff's characterizations of the factual allegations in that paragraph to which a response is not required, but to the extent that a response

is deemed required, Defendant denies the characterizations.  Defendant avers that the House

Report cited in the letter cited by Plaintiff in paragraph 82 speaks for itself.

83.     Defendant admits that "on May 3, 2007" Plaintiff "requested reconsideration of

its Petition to USPS to declare the Publications nonmailable."  Defendant further admits that the

letter cited by Plaintiff in paragraph 83 is dated May 3, 2006.  Defendant avers that the

remainder of paragraph 83 contains subjective characterizations by the Plaintiff and conclusions

of law to which a response is not required.  To the extent that a response is deemed required,

Defendant denies the characterizations and conclusions of law.  Defendant avers that the page of

the letter cited by plaintiff, the AFPEA, and the AWA speak for themselves.

84.     Defendant admits only that page 2 of the letter cited by Plaintiff in paragraph 84

contains the following language:

> The Publications unquestionably fall within this "commercial speech" prohibition.  They
> are little more than catalogs featuring hundreds of advertisements per issue for fighting
> dogs and birds, fighting animal weapons, and blood clotting drugs that are illegal to buy
> and sell in interstate commerce under federal law and also under the laws of many states.

Defendant avers that page 2 of the letter cited by Plaintiff stated, "The most recent issues of the

publications are enclosed as Attachments D and E."  Defendant further avers that copies of the

March 2007 issue of *The Feathered Warrior* and the April 2007 issue of *The Gamecock* were

attached to this letter.  The remainder of paragraph 84 contains Plaintiff's characterizations of the

factual allegations in the paragraph to which a response is not required.  Defendant avers that the

letter cited by Plaintiff, and the attachments thereto, speak for themselves.

85.     Defendant admits that page 5 of the letter cited by Plaintiff in paragraph 85

contains the words "voluminous and uncontested legislative history" and "contradicts and

supersedes the 1976 House Report which forms the basis for the denial of the Petition."

Defendant denies that "statutory text" or "legislative history" is "quoted in paragraphs" 15

through 17 above.  To the extent that Plaintiff alleges that "the plain text of the law" or the "legislative history" "contradicts and supercedes the 1976 House Report," Defendant denies the allegations.

The remainder of paragraph 85 contains Plaintiff's characterizations of the factual allegations in the paragraph to which a response is not required.  Defendant avers that the letter cited by plaintiff, and the House Report cited therein, speak for themselves.

86.    Defendant admits that the letter from Sharon Daniel to Jonathan Lovvorn cited by Plaintiff in paragraph 86 is dated June 26, 2007, and that page 1 of this letter contains the words "the Act did not alter," "direct application to the Postal Service," and "[t]he absence of any change to the plain language of the statute which addresses the Postal Service prevents me from."  Defendant denies Plaintiff's characterization that the "Defendant denied Plaintiff's May, 3 2007" request."  Defendant avers that the Postal Service declined to take the actions requested in Plaintiff's letter dated May 3, 2007, from Jonathon Lovvorn to Sherry Suggs and the attached "Petition to Declare Animal Fighting Publications Nonmailable."

Defendant avers that the remainder of paragraph 86 contains Plaintiff's characterizations of the factual allegations in paragraph 86 to which a response is not required.  To the extent that a response is deemed required, Defendant denies the characterizations.  Defendant avers that the letter cited by Plaintiff speaks for itself.

87.    Defendant admits that the letter cited by Plaintiff in paragraph 87 contains the words "these magazines," "appear to contain such advertisements," and "for the sale, purchase, transport or delivery in interstate or foreign commerce of bird-fighting accessories."  Defendant avers that the remainder of paragraph 87 contains Plaintiff's characterizations of the factual allegations in the paragraph to which a response is not required.  To the extent that a response is

deemed required, Defendant denies the characterizations.  Defendant avers that the letter cited by

Plaintiff in paragraph 87 speaks for itself.

**PLAINTIFF'S CLAIM FOR RELIEF**

**Claim One – Violation of The Administrative Procedure Act, 5 U.S.C. § 706**

88.     Paragraph 88 does not contain an allegation of fact to which a response is not

required.  To the extent that a response is deemed required, it is denied.

89.     Defendant denies that it issued or promulgated a "ruling denying Plaintiff's

Petition and request for reconsideration."  Defendant avers that the Postal Service declined to

take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to

John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable"

("Petition") and the letter dated May 3, 2007, from Jonathon Lovvorn to Sherry Suggs.

Defendant also denies that it issued or promulgated a declaration.  The remainder of

paragraph 89 contains conclusions of law to which a response is not required.  To the extent that

a response is deemed required, Defendant denies the conclusions of law.  Defendant avers that

the acts and statutes cited by Plaintiff in paragraph 89 speak for themselves.

90.     Defendant denies that it issued or promulgated a "ruling denying Plaintiff's

Petition and request for reconsideration."  Defendant avers that the Postal Service declined to

take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to

John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable"

("Petition") and the letter dated May 3, 2007, from Jonathon Lovvorn to Sherry Suggs.

Defendant also denies that it issued or promulgated a declaration.  The remainder of

paragraph 90 contains conclusions of law to which a response is not required.  To the extent that

a response is deemed required, Defendant denies the conclusions of law. Defendant avers that the acts and statutes cited by Plaintiff in paragraph 90 speak for themselves.

91.    Defendant denies that it issued or promulgated a "ruling denying Plaintiff's Petition and request for reconsideration." Defendant avers that the Postal Service declined to take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable" ("Petition") and the letter dated May 3, 2007, from Jonathon Lovvorn to Sherry Suggs.

Defendant also denies that it issued or promulgated a declaration. The remainder of paragraph 91 contains conclusions of law to which a response is not required. To the extent that a response is deemed required, Defendant denies the conclusions of law. Defendant further avers that the act, statute, and DMM provision cited by Plaintiff in paragraph 91 speak for themselves.

92.    Defendant denies that it issued or promulgated a "ruling denying Plaintiff's Petition and request for reconsideration." Defendant avers that the Postal Service declined to take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable" ("Petition") and the letter dated May 3, 2007, from Jonathon Lovvorn to Sherry Suggs.

Defendant also denies that it issued or promulgated a declaration. Defendant is without the knowledge or information sufficient to form a belief as to the truth of each and every allegation in Plaintiff's statement that "[t]he Publications contain hundreds of pages per year of advertisements for the mail-order purchase of fighting animals." The remainder of paragraph 92 contains conclusions of law to which a response is not required. To the extent that a response is deemed required, Defendant denies the conclusions of law. Defendant further avers that the act, statute, and DMM provisions cited by Plaintiff in paragraph 92 speak for themselves.

93.     Defendant denies that it issued or promulgated a "ruling denying Plaintiff's Petition and request for reconsideration."  Defendant avers that the Postal Service declined to take the actions requested in Plaintiff's letter dated April 26, 2006, from Jonathon Lovvorn to John E. Potter and the attached "Petition to Declare Animal Fighting Publications Nonmailable" ("Petition") and the letter dated May 3, 2007, from Jonathon Lovvorn to Sherry Suggs.

Defendant also denies that it issued or promulgated a declaration, that Defendant failed "to make a reasonable explanation of the specific analysis and evidence upon which Defendant relied," and that Defendant failed "to furnish a coherent or reasoned explanation for its decision." The remainder of paragraph 93 contains conclusions of law to which a response is not required. To the extent that a response is deemed required, Defendant denies the conclusions of law. Defendant avers that the act and statute cited by Plaintiff in paragraph 93 speak for themselves.

### Relief Requested

With respect to plaintiff's prayer for relief, Defendant denies that plaintiff is entitled to any of the relief requested or to any relief whatsoever.

Defendant hereby denies each and every other allegation in this complaint that has not been otherwise addressed above.

WHEREFORE, Defendant respectfully requests the following relief:

A.      That the Court dismiss the Complaint with prejudice, or, in the alternative, grant Judgment in Defendant's favor and against the Plaintiff;

B.      That the Court deny each prayer for relief sought by Plaintiff;

C.      That Defendant recover from Plaintiff all of its expenses, including costs and attorney's fees; and

      D.      That defendant have such further relief as the Court deems proper and just.


October 15, 2007,                  Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

Of counsel:

ANTHONY F. ALVERNO, ESQ.
DC Bar # 499580
Chief Counsel, Customer Programs
United States Postal Service
475 L'Enfant Plaza, S.W. Room 6138
Washington, DC 20260-1135
(202) 268-2997
(202) 268-5418

MATTHEW J. CONNOLLY, ESQ.
Attorney, Corporate Law
United States Postal Service
475 L'Enfant Plaza, S.W. Room 6332
Washington, DC 20260-1135
(202) 268-8582
(202) 268-5418