UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THE HUMANE SOCIETY OF
THE UNITED STATES**,

      Plaintiff,

  v.

**UNITED STATES POSTAL SERVICE**,

      Defendant.

Civ. No. 07-1233 (CKK)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENLARGE TIME, AND CROSS-MOTION TO STAY FURTHER BRIEFING PENDING RESOLUTION OF PLAINTIFF'S MOTION TO COMPEL THE ADMINISTRATIVE RECORD**

Plaintiff does not oppose a reasonable extension of time for Defendant to file its next brief, but would like to correct two serious misstatements in Defendant's motion. First, Plaintiff did not consent to the filing of Defendant's motion – as represented in Defendant's motion. Moreover, Defendants' complaint that "Counsel for Plaintiff has not responded to an email seeking his position on this motion" was caused by the fact that Defendant notified counsel for Plaintiff of Defendant's need for an extension a mere *twelve minutes* before Defendant filed the motion with the Court.

Second, Defendant's representation that the parties plan further negotiations to submit a joint stipulated briefing schedule is also incorrect. Although Plaintiff proposed to Defendant that the best way to effectuate the orderly resolution of this case is for the parties to stipulate to a schedule for production of the Administrative Record and a single, straightforward round of briefing on the merits, Defendant has now *rejected* that proposal. Instead, Defendant apparently would prefer to have an entire round of briefing on whether to produce the Administrative Record, to proceed concurrently with briefing on Defendant's

Motion to Dismiss and on Plaintiff's Motion for Summary Judgment – all before the Administrative Record is produced.

In response to Defendant's intransigence, Plaintiff asked Defendant to at least agree to a joint proposed scheduling order whereby all further briefing on the pending dispositive motions would be stayed until a reasonable time after the Court ruled on Plaintiff's pending Motion to Compel Production of the Administrative Record. *See* Minute Order (Oct. 22, 2007) (ordering Defendant to either produce the Administrative Record or file its opposition to Plaintiff's Motion to Compel Production of the Administrative Record by November 2, 2007). That proposal was also rejected. Defendant stated today that not would it oppose the Motion to Compel, but also that it was unwilling to agree to stay briefing of the dispositive motions pending resolution of the Motion to Compel. Accordingly, having exhausted all efforts to avoid the Court receiving several more briefs at this stage, rather than two or three, Plaintiff now moves the Court to stay further briefing on the pending dispositive motions until the Court rules on Plaintiff's pending Motion to Compel Production of the Administrative Record.

The Court's decision whether to stay briefing is committed to its discretion, and must be considered "in light of the particular circumstances of the case." *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). Here, the particular circumstances of this case – an action under the Administrative Procedure Act – counsel in favor of a stay. It is well settled in this Circuit that the Court must have the Administrative Record before the two pending Motions for Summary Judgment regarding agency action may proceed. *See American Bioscience Inc. v. Thompson,* 243 F.3d 579, 582 (D.C. Cir. 2001) (holding that trial court must "require[ ] the [agency] to file the administrative record" prior to judicial review in an Administrative Procedure Act action, and remanding denial of injunctive relief where "the administrative

record was never filed"). As Plaintiff explained in its Motion to Compel, the APA provides, without qualification, that the reviewing court "shall review the whole record" before "decid[ing] all relevant questions of law," and before "interpret[ing] . . . statutory provisions." 5 U.S.C. § 706; *see also Walter O. Boswell Memorial Hosp. v. Heckler,* 749 F.2d 788, 792 (D.C. Cir. 1984) (reviewing Court in APA matter "should have before it neither more nor less information than did the agency when it made its decision"). Having filed its own motion for summary judgment, and indeed having filed hundreds of pages of supporting exhibits, Defendant can hardly claim that filing the official record is a serious burden in this case.[1]

## Conclusion

For the foregoing reasons, Plaintiff does not oppose an extension of time for Defendant's opposition to Plaintiff's Motion for Summary Judgment, but respectfully moves the Court for an Order staying further briefing on all dispositive motions until the Court rules on Plaintiff's pending Motion to Compel Production of the Administrative Record.

Respectfully submitted,

__/s/_____
Ethan Carson Eddy (D.C. Bar No. 496406)
Rebecca G. Judd (D.C. Bar No. 486315)
Jonathan R. Lovvorn (D.C. Bar No. 461163)

THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037

---

[1] In accordance with Rule 7(m), Plaintiff attempted to avoid the filing of this Motion to Stay, but was not able to negotiate a joint proposed scheduling order with Defendant that would allow dispositive briefing to continue in a manner consistent with Circuit precedent, as explained above. *See American Bioscience*, 243 F.3d at 582. As stated in its Motion filed today, Defendant's counsel has now left the office for three days. Because Defendant wrongly states that Plaintiff "Consent[ed]" to its filing, Plaintiff felt that a rapid response was necessary to correct the record before the Court.

        (202) 676-2329  
        (202) 778-6132 (fax)  
        eeddy@hsus.org

*Counsel for Plaintiff*

Stuart Philip Ross (D.C. Bar No. 031658)  
Sarhana Livingston (D.C. Bar No. 975886)  
ROSS, DIXON & BELL, LLP  
2001 K Street, N.W.  
Washington, D.C. 20006  
(202) 662-2000

October 24, 2007        *Of Counsel for Plaintiff*