UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 07-1233-CKK<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION
(1) FOR RECONSIDERATION OF MINUTE ORDER DATED OCTOBER 30, 2007,
(2) TO STAY BRIEFING OF PLAINTIFF'S MOTION TO COMPEL
AND MOTION FOR SUMMARY JUDGMENT AND
(3) TO PROCEED WITH BRIEFING ON DEFENDANT'S DISPOSITIVE MOTION**

Defendant, the United States Postal Service ("USPS"), respectfully requests reconsideration, pursuant to Fed. R. Civ. P. 54(b), of the Court's Minute Order dated October 30, 2007, to the extent that the Order stays briefing on Defendant's pending dispositive motion, and declines to stay the Court's consideration of Plaintiff's pending motion to compel production of an administrative record. Defendant submits that the proper course is to resolve Defendant's dispositive motion first, ahead of Plaintiff's motion to compel and its motion for summary judgment. Defendant was planning on filing a memorandum before the Court's deadline of November 2, 2007, to set forth Defendant's position, but the Court issued the Minute Order without first hearing Defendant's views. Accordingly, Defendant requests that the Court: (1) vacate its Minute Order dated October 30, 2007; (2) stay briefing of Plaintiff's motion for summary judgment, no. [10], and Plaintiff's motion to compel, no. [11]; and (3) order the parties

to proceed with briefing on Defendant's pending dispositive motion, no. [13], on a schedule agreed upon by the parties.

Counsel for Plaintiff does not consent to this motion.

Consistent with the Court's standing order issued, no proposed order is attached. A memorandum in support of this motion is attached.

October 31, 2007                               Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

Of counsel:

Anthony F. Alverno, DC Bar # 499580
Chief Counsel, Customer Programs
United States Postal Service
475 L'Enfant Plaza, S.W. Room 6138
Washington, DC 20260-1135

Matthew J. Connolly
Attorney, Corporate Law
United States Postal Service
475 L'Enfant Plaza, S.W. Room 6332
Washington, DC 20260-1135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY ) | |
| OF THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-1233-CKK |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
(1) FOR RECONSIDERATION OF MINUTE ORDER DATED OCTOBER 30, 2007,
(2) TO STAY BRIEFING OF PLAINTIFF'S MOTION TO COMPEL
AND MOTION FOR SUMMARY JUDGMENT AND
(3) TO PROCEED WITH BRIEFING ON DEFENDANT'S DISPOSITIVE MOTION**

Defendant, the United States Postal Service ("USPS"), respectfully requests reconsideration, pursuant to Fed. R. Civ. P. 54(b), of the Court's Minute Order dated October 30, 2007, to the extent that the Order stays briefing on Defendant's pending dispositive motion, and declines to stay the Court's consideration of Plaintiff's pending motion to compel production of an administrative record. Defendant submits that the proper course is to resolve Defendant's dispositive motion first, ahead of Plaintiff's motion to compel and its motion for summary judgment. Defendant was planning on filing a memorandum before the Court's deadline of November 2, 2007, to set forth Defendant's position, but the Court issued the Minute Order without first hearing Defendant's views. Counsel for Plaintiff does not consent to this motion.

**Legal Standard for Reconsideration**

Because the Minute Order "adjudicate[d] fewer than all the claims" in the case, the ruling

is "subject to revision at any time before entry of judgment adjudicating all the claims" under the terms of Rule 54(b). As interpreted by this Court, reconsideration under Rule 54(b) is appropriate "when the Court has 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.). Note that the required showing for reconsideration under Rule 54(b) is less than that required for reconsideration of a final judgment. See, e.g., APCC Serv., Inc. v. AT & T Corp., 281 F. Supp. 2d 41, 44 (D.D.C. 2003) (explaining that Rule 60(b) requires a showing of manifest injustice whereas an interlocutory order may be revised under Rule 54(b) "as justice requires") (Huvelle, J.), rev'd on other grounds, 418 F.3d 1238 (D.C. Cir. 2005); Lewis v. United States, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (Oberdorfer, J.); M.K. v. Tenet, 196 F. Supp. 2d 8, 12 (D.D.C. 2001) (Urbina, J.); cf. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (standards for reconsideration under Rule 59(e)).

**Argument**

Here, it appears the Court may have misunderstood the Defendant's position by ruling before Defendant filed its opposition to Plaintiff's motion to compel, no. [11], which was to include the arguments below in support of Defendant's proposal. Defendant seeks very nearly the opposite of what the Court's Minute Order provides, because Defendant seeks to stay resolution of Plaintiff's motion to compel production of an administrative record, no. [11], and Plaintiff's motion for summary judgment, no. [10], and proceed instead with briefing Defendant's pending motion to dismiss or, in the alternative, for summary judgment, no. [13].

By contrast, Plaintiff seeks to resolve its motion to compel first, and stay briefing of the parties respective dispositive motions.

The key is that Defendant's dispositive motion relies on five *jurisdictional* arguments in support of dismissal, and a sixth merits-based argument that itself relies on purely legal issues, and none of these six arguments rely in any way on an administrative record or any further factual information it might contain.[1]

Indeed, the five jurisdictional arguments raised by Defendant all turn on questions of law that control, and so logically precede, the question of whether the Administrative Procedure Act ("APA") applies at all in this case. And Defendant's sixth argument--that the Postal Service correctly interpreted the controlling statute--will also dispose of the case without the need for any factual support from an administrative record. Furthermore, it bears noting that the agency makes this sixth argument without a claim for deference under the APA or Chevron, so it is unnecessary to decide the impact of the APA on the case to adjudicate Defendant's sixth argument. Thus, none of Defendant's six dispositive arguments depend on information that is contained in an administrative record and/or unavailable to Plaintiff.

Moreover, it is curious that Plaintiff is apparently taking the position that it needs the administrative record, yet at the same time, Plaintiff believes itself already entitled to judgment as a matter of law because there are no genuine disputes of material fact. The only possible resolution of the logical tension in these two positions is that Plaintiff believes that the filing of

---

[1] In its pending dispositive motion, Defendant argues that (1) Plaintiff lacks standing, (2) the APA does not apply to the USPS, (3) there is no "final agency action" within the meaning of the APA, (4) the USPS's responses to Plaintiff's requests were committed to agency discretion by law, (5) there is no private right of action providing subject matter jurisdiction, and (6) the USPS's interpretation of the Animal Welfare Act was correct. See docket entry no. [13].

the administrative record, in its entirety, serves some talismanic function, *per se* necessary for the resolution of any APA claim.  First, as noted above, it is not at all clear that the Court has jurisdiction, nor that Plaintiff has an APA claim at all; these issues go to the heart of Defendant's jurisdictional arguments.

Second, the APA itself makes clear that it is not necessarily required to file a complete administrative record, a provision that makes perfect sense in cases where the record is voluminous or otherwise contains information not relevant to the dispute before the Court.  The text of the APA itself provides: "In making the foregoing determinations, the court shall review the whole record ***or those parts of it cited by a party***, and due account shall be taken of the rule of prejudicial error."  5 U.S.C. § 706 (emphasis added).  Not only does the statute expressly authorize judicial review on the parts of the record cited by the parties (both of whom have already filed dispositive motions citing information considered by the agency), but the statute separately makes plain that "the rule of prejudicial error" is the proper standard of review, which is plainly inconsistent with any sort of *per se* rule that an exhaustive administrative record must be filed whenever a plaintiff alleges a cause of action under the APA.  See, e.g., Nevada v. Dep't of Energy, 457 F.3d 78, 90 (D.C. Cir. 2006) (applying prejudicial error standard).  This is fully consistent with the Court's recently issued Local Civil Rule 7(n), which provides for filing of "an appendix containing copies of those ***portions*** of the administrative record that are *cited or otherwise relied upon in any* memorandum in support of or in opposition to any *dispositive motion*."  See www.dcd.uscourts.gov/LocalRuleChanges041007.pdf (emphasis added).

Moreover, the case law requiring filing of an administrative record uniformly does so only when the courts are scrutinizing the merits of the agency's action and, in so doing, have

necessarily concluded already that the APA applies.  See, e.g., Overton Park v. Volpe, 401 U.S. 402, 419-20 (1971); American Bioscience, Inc. v. Thompson, 243 F.3d 579, 582-83 (D.C. Cir. 2001) (ordering filing of administrative record so to support district court consideration of likelihood of success on the merits); Biodiversity Legal Found. v. Norton, 180 F. Supp. 2d 7, 11 (D.D.C. 2001) (stating that "*because* the defendants' failure to [act] *does fall within the scope of the APA*, the court will grant the plaintiffs' motion to compel production of the administrative record") (emphasis added); Walter O. Boswell Memorial Hospital v. Heckler, 749 F.2d 788, (D.C. Cir. 1984) (assuming APA applied before evaluating the completeness of the administrative record).

    Here, Plaintiff has failed to identify, in either its motion to compel or its motion for summary judgment, any particular factual issue for which an administrative record is necessary at this stage of the proceedings.  Thus, neither Plaintiff's filings nor Defendant's dispositive motion suggest that there is any merits-based issue that requires filing of an administrative record at this time to resolve.  By contrast, Defendant's dispositive motion relies purely on arguments antecedent to either the merits or any factual issues that would be resolved by filing an administrative record.

    Accordingly, Defendant proposes that the Court resolve Defendant's dispositive motion *first*, in order to determine whether the Court has jurisdiction and whether the APA applies.  If, as Defendant argues, that is not the case, it will be unnecessary to resolve Plaintiff's motion for summary judgment or Plaintiff's motion to compel.  On the other hand, if the Court rejects each of Defendant's six dispositive arguments, and concludes instead that Plaintiff has presented a claim cognizable under the APA, then it would be appropriate at that time to set a deadline for

compiling and filing of an administrative record, and also to set a schedule for briefing Plaintiff's dispositive motion, as well as any additional merits-based arguments that Defendant may have in support of summary judgment against an APA claim. In that event, it would also seem prudent for the parties' counsel to attempt (again) to negotiate a briefing schedule, and it bears noting that delaying such negotiation until then has the further advantages that such negotiation would be based on more current information about (1) respective counsels' work schedules, and (2) the Court's views on application of the APA.

By contrast, resolution of Plaintiff's motion to compel first would also require <u>indirectly</u> inquiry into whether the Court has jurisdiction, because Defendant's primary arguments to oppose filing an administrative record are jurisdictional and that the APA does not apply and there is, therefore, no obligation to file such record. Again, these are questions presented directly by Defendant's pending motion to dismiss. Therefore, it makes little sense to ignore Defendant's pending motion in order to litigate the core jurisdictional issues indirectly, through the vehicle of a collateral and purely procedural motion regarding timing. Instead, it makes far more sense to resolve Defendant's dispositive motion first by addressing the jurisdictional issues squarely. Thus, Defendant also requests that the Court stay ruling on Plaintiff's (1) motion for summary judgment and (2) motion to compel, if necessary.

Indeed, there is nothing unusual about the Court resolving jurisdictional issues first, before moving on the factual and merits-based issued presented by Plaintiff. <u>See e.g.</u>, <u>Currier v. Potter</u>, 379 F.3d 716, 723-725 (9th Cir. 2005) (application *vel non* of APA to USPS is jurisdictional and holding, without reference to an administrative record, that USPS is exempt from judicial review under the APA). Here, the traditional approach of hearing and resolving

jurisdictional issues is logical and consistent with the well established rule that all federal courts must establish that they have jurisdiction prior to conducting further proceedings in a case. "Jurisdiction must be established before a federal court may proceed to any other question." Galvan v. Federal Prison Indus., 199 F.3d 461, 463 (D.C. Cir. 1999); see also Ruhrgas, A.G. v. Marathon Oil Co., 526 U.S. 574 (1999). This jurisdictional rule, "inflexible and without exception" per Ruhrgas, 526 U.S. at 577, reflects the fundamentally limited role and authority of federal courts:

> We decline to endorse such an approach [i.e. "hypothetical jurisdiction"] because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L. Ed. 264 (1868).

Steel Co. v. Citizens for a Better Environment, 532 U.S. 83, 94 (1988); see also Stewart v. Ashcroft, 352 F.3d 422, 424 (D.C. Cir. 2003) (disapproving district court ruling which "'assume[d] . . . without deciding that . . . the court . . . ha[d] jurisdiction to hear the case.'"); Labat-Anderson Inc. v. United States, 50 Fed. Cl. 99, 102 (Fed. Cl. 2001) ("Subject matter jurisdiction is a threshold matter which must be addressed before the court reaches the merits of LABAT's motion for a preliminary injunction."). Accord Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Finally, it is difficult to identify any prejudice that Plaintiff might suffer as a result of Defendant's proposal, given that Plaintiff has not argued that resolution of its dispositive motion

is time-sensitive, and even if it were, it is not clear that Plaintiff's proposal would proceed any more quickly than Defendant's, even assuming *arguendo* that the Court rejects all six arguments in Defendant's pending dispositive motion. Defendant has not compiled an administrative record yet, and indeed believes it is not required to do so because, *inter alia*, the APA does not apply to its decision to issue the letters to Plaintiff, which do not constitute reviewable final agency action in any event.

WHEREFORE, Defendant requests that the Court: (1) vacate its Minute Order dated October 30, 2007; (2) stay briefing of Plaintiff's motion for summary judgment and Plaintiff's motion to compel until after resolution of Defendant's pending dispositive motion, if necessary; and (3) order the parties to proceed with briefing on Defendant's pending dispositive motion, on a schedule to be agreed upon by the parties.

October 31, 2007                                    Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

Of counsel:

Anthony F. Alverno, DC Bar # 499580
Chief Counsel, Customer Programs
United States Postal Service
475 L'Enfant Plaza, S.W. Room 6138
Washington, DC 20260-1135

Matthew J. Connolly
Attorney, Corporate Law
United States Postal Service
475 L'Enfant Plaza, S.W. Room 6332
Washington, DC 20260-1135