UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THE HUMANE SOCIETY OF
THE UNITED STATES**,

Plaintiff,

v.

**UNITED STATES POSTAL SERVICE**,

Defendant.

Civ. No. 07-1233 (LFO)

**NOTICE CONCERNING RELIEF SOUGHT BY PLAINTIFF**

Pursuant to Paragraph 10 of the Settlement Agreement and Order of Dismissal as to Marburger Publishing Co., Inc. ("Marburger") entered by the Court on May 30, 2008 in the related case *The Humane Society of the United States v. Amazon.com, Inc., et al*, Civ. No. 07-0623 (CKK) (D.D.C., Amended Complaint filed June 6, 2007) (attached as Exhibit A), Plaintiff files this Notice to apprise the Court and the Defendant that it is no longer seeking relief in the above-captioned action with respect to non-party Marburger, the publication known as *The Gamecock*, or, in the event Marburger ceases distribution of *The Gamecock*, any subsequent gamefowl periodical published by Marburger.

The aforementioned settlement has no affect on the Plaintiff's allegations concerning other publishers as described in Plaintiff's Complaint.

Respectfully submitted,

     /s/   Ethan Carson Eddy
Ethan Carson Eddy (D.C. Bar No. 496406)
Rebecca G. Judd (D.C. Bar No. 486315)
Jonathan R. Lovvorn (D.C. Bar No. 461163)

THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037
(202) 676-2329
(202) 778-6132 (fax)
eeddy@hsus.org

*Counsel for Plaintiff*

Stuart Philip Ross (D.C. Bar No. 031658)
Sarhana Livingston (D.C. Bar No. 975886)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 662-2000

*Of Counsel for Plaintiff*

June 13, 2007

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES,** | ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 07-623 (CKK) |
| v. | ) ) | |
| **AMAZON.COM, INC., ET AL.,** | ) ) | |
| Defendants. | ) ) ) | |

**SETTLEMENT AGREEMENT AND**          **ORDER OF DISMISSAL**

Plaintiff and Defendant Marburger Publishing Co., Inc. (hereinafter "the parties to this Agreement") mutually state and agree to the following:

1.      The parties to this Agreement have agreed in good faith that it is in the best interest of these parties, their officers, agents, employees, and members to enter into this Settlement Agreement and Order of Dismissal. Accordingly, the terms and conditions of this Settlement Agreement and Order of Dismissal shall be binding on the parties to the Agreement, their officers, agents, employees, and members, and all parties acting in concert or participation with them.

2.      Upon the Court's acceptance and entry of this Settlement Agreement and Order of Dismissal, all of Plaintiff's claims against Defendant Marburger in the above-captioned matter shall be dismissed without prejudice, and Marburger will be dismissed and dropped as a defendant.

3.      Marburger shall instruct Amazon.com and Marburger's advertising representatives, in writing, to remove the web page whereupon subscriptions to *The*

*Gamecock* magazine, or, in the event Marburger ceases distribution of *The Gamecock*, any subsequent gamefowl periodical published by Marburger, are sold, from the Amazon.com website and the websites of any of Amazon.com, Inc.'s subsidiaries or affiliates within 30 days of the entry of this Order of Dismissal, and shall provide Plaintiff with a copy of such written instruction. In that instruction Marburger shall inform Amazon.com, Inc. that Marburger will not knowingly fulfill subscription orders made through the Amazon.com website and the websites of any of Amazon.com, Inc.'s subsidiaries or affiliates.

4.      Twelve months after Marburger's instruction letter to Amazon.com (described in paragraph 3) is issued to Amazon.com, Marburger or its representatives may offer *The Gamecock* on Amazon.com and the websites of any of Amazon.com Inc.'s subsidiaries or affiliates, and may recommence fulfilling subscription orders made through the Amazon.com website and the websites of any of Amazon.com, Inc.'s subsidiaries or affiliates, unless the Court determines that there has been a material and knowing violation of this Settlement Agreement and Order of Dismissal during the twelve months, in which case the twelve-month period described in this paragraph will start over and will re-commence upon the Court's entry of an order to that effect. Specifically, if during the twelve month period, the Plaintiff determines in good faith that Marburger has knowingly and materially violated this Settlement Agreement and Order of Dismissal, Plaintiff shall promptly give written notice of such determination to Marburger's counsel. Within one week of receiving such notice, Marburger shall respond in writing to Plaintiff's determination. If Marburger agrees with Plaintiff's determination, it shall cure the violation within thirty days and the twelve-month period

described in this paragraph will start over and will re-commence upon the curing of the violation. If Marburger disagrees with Plaintiff's determination, Plaintiff may seek relief from the Court as provided in paragraph 14.

5. Neither Plaintiff nor any person or entity acting in concert with, or in privity with Plaintiff shall reactivate, reinstitute, or otherwise prosecute or support, directly or indirectly, financial or otherwise, this or any similar action against Marburger unless the Court enters an Order finding Marburger to be in knowing and material violation of this Settlement Agreement and Order of Dismissal.

6. Marburger shall not accept, and will not print, magazine advertisements for (1) any dog, bird, or other animal that is marketed with explicit reference to (a) aggression or fighting prowess; (b) fighting characteristics or reputation; or (c) "derbies" or animal fights; or (2) any gaff, razor, or knife that is marketed with explicit reference to its being tied or otherwise affixed to the leg of a bird for the purpose of cockfighting or cockfighting training;

7. Marburger shall print the following announcement in *The Gamecock*, or, in the event Marburger ceases distribution of *The Gamecock*, any subsequent gamefowl periodical published by Marburger, at least once each calendar year, in a space no smaller than one quarter of one printed page:

> "Marburger Publishing will not accept, and will not print, advertisements for (1) any dog, bird, or other animal that is marketed with explicit reference to (a) aggression or fighting prowess; (b) fighting characteristics or reputation; or (c) "derbies" or animal fights; or (2) any gaff, razor, or knife that is marketed with explicit reference to its being tied or otherwise affixed to the leg of a bird for the purpose of cockfighting or cockfighting training";

8.      Marburger shall screen magazine advertisers' language for compliance with the terms of the preceding paragraph of this Agreement prior to acceptance for publication;

9.      Marburger shall deliver one copy of each issue of *The Gamecock* or, in the event Marburger ceases distribution of *The Gamecock*, any subsequent gamefowl periodical, to Plaintiff, addressed to counsel of record in this matter, without charge, for one year following entry of this Order of Dismissal, to allow monitoring for compliance with this Agreement;

10.     Within 10 days of the Court's entry of this Order of Dismissal, Plaintiff shall file a Notice in the matter *The Humane Society of the United States v. United States Postal Service*, Civ. No. 07-1233 (D.D.C., filed July 10, 2007) indicating to the Court that Plaintiff is no longer seeking relief in that action with respect to Marburger, *The Gamecock*, or, in the event Marburger ceases distribution of *The Gamecock*, any subsequent gamefowl periodical published by Marburger. Such notice shall attach a copy of this Settlement Agreement and Order of Dismissal;

11.     Nothing in this Settlement Agreement and Order of Dismissal shall be construed to be an admission or concession of liability on the part of either of the parties to this Agreement, nor shall this Agreement constitute a final adjudication of the issues of fact or law bearing on Plaintiff's claims;

12.     None of the provisions or obligations of this Settlement Agreement and Order of Dismissal shall become effective and binding unless and until the Court enters an order accepting the terms of this agreement and incorporating its provisions and obligations;

4

13. This Settlement Agreement and Order of Dismissal may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court;

14. In the event that one of the parties to this Settlement Agreement and Order of Dismissal seeks to modify the terms of this Agreement, or in the event of a dispute arising out of or relating to this Agreement, or in the event that a party to this Agreement believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement shall provide the other party to this Agreement with written notice of the dispute. The parties to this Agreement agree that they will meet and confer (telephonically or in person) at the earliest possible time in a good-faith effort to resolve the contention before bringing any matter to the Court. If the parties to this Agreement are unable to resolve the contention within thirty days after the notice, a party may file a motion seeking the appropriate relief from the Court;

15. In entering into this Settlement Agreement and Order of Dismissal, Plaintiff does not waive, and expressly reserves, any and all claims against the other Defendants in this matter; and Marburger does not waive, and expressly reserves, all of the defenses, including but not limited to defenses relating to jurisdiction, standing, and the merits, that it and any other defendant has raised or may in the future raise in this matter, and Plaintiff shall not assert that this agreement has the effect of any such waiver or failure to reserve;

16.     The parties to this Settlement Agreement and Order of Dismissal hereby waive any and all claims for attorneys' fees and costs of litigation to which each may have otherwise been entitled against the other arising out of the above-captioned litigation, through and including the date of this Agreement, and agree that each party shall bear its own attorney's fees and costs of litigation;

17.     The parties to this Settlement Agreement and Order of Dismissal agree that it was negotiated in good faith and that it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties;

18.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Settlement Agreement and Order of Dismissal and do hereby agree to be bound by the terms herein;

19.     The terms of this Settlement Agreement and Order of Dismissal shall become effective upon entry of an order by the Court ratifying the Agreement;

20.     Notwithstanding the dismissal of all of Plaintiff's claims as to Defendant Marburger, the parties to this Settlement Agreement and Order of Dismissal hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). With the consent of the parties, the Court shall retain jurisdiction for a period not to exceed three years from the effective date of this order. CKK 5/29/08

**IT IS SO AGREED AND STIPULATED** this 19th day of May, 2008.

FOR THE PLAINTIFF

 /s/  Ethan Carson Eddy
Ethan Carson Eddy (D.C. Bar No. 496406)
Jonathan R. Lovvorn (D.C. Bar No. 461163)
THE HUMANE SOCIETY OF THE UNITED
STATES
2100 L Street, N.W.
Washington, D.C. 20037
(202) 676-2329
(202) 778-6132 (fax)
eeddy@hsus.org


FOR DEFENDANT MARBURGER
PUBLISHING CO., INC.

 /s/  Ali A. Beydoun
Ali A. Beydoun # 475413
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
202-310-5500
202-310-5555 - fax
aab@carrmaloney.com

 /s/  Barry A. Fisher
Barry A. Fisher #D00208
Fleishman & Fisher
1925 Century Park East Suite 2000
Los Angeles, CA 90067
bfisher557@aol.com


**SO ORDERED** this 29th day of May, 2008.

COLLEEN KOLLAR-KOTELLY
United States District Judge