UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**THE HUMANE SOCIETY OF THE UNITED STATES**,

       Plaintiff,

v.

**UNITED STATES POSTAL SERVICE**,

       Defendant.

Civ. No. 07-1233 (LFO)

---

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff wishes to inform the Court of a recent legislative development that bears upon the pending cross-motions for summary judgment in this action. On June 18, 2008, Congress enacted, over the President's veto, the Food, Conservation, and Energy Act of 2008 ("the Act"), also known as the Farm Bill. *See* Pub. L. No. 110-246, 122 Stat. 1651 (H.R. 6124). Section 14207 of the Act makes several upgrades to the Federal animal fighting statute, 7 U.S.C. § 2156, that are directly relevant to this matter, and that further illustrate why the agency action under review is not in accordance with law and should be set aside.[1] The Act went into effect immediately upon passage.

**I.    Background**

Since this matter was recently transferred from Judge Kollar-Kotelly to this Court, a brief summary of the procedural posture of this case follows. A fuller account of the factual and legal background of this litigation and the agency action that gave rise to it is set forth in sections I and II of Plaintiff's Motion for Summary Judgment. *See* Docket Entry ("DE") 26 (Dec. 20, 2007).

---

[1] The entire Act is over 700 pages; the relevant section is attached as Exhibit A.

On May 3, 2007, Plaintiff petitioned Defendant United States Postal Service ("USPS") to declare materials containing advertisements for fighting animals, cockfighting weapons, and animal fighting venues to be nonmailable, in order to give effect to an amendment to the Animal Welfare Act ("AWA") that went into effect that same day. *See* Pub. L. No. 110-22, § 3, 121 Stat. 88 (2007) (amending 7 U.S.C. § 2156). Specifically, Congress amended the AWA to bar mailing of "commercial speech" that "promot[es] or in any other manner further[s] an animal fighting venture." *Id.*; *see also* 110 CONG. REC. E656 (daily ed. Mar. 28, 2007) ("subsection (c) of section 26 of the Animal Welfare Act, which is about interstate instrumentalities and commercial speech, *prohibits the websites and the magazines where fighting animals are advertised for sale*") (emphasis added). On June 26, 2007, Defendant denied Plaintiff's petition, *see* Ex. E to Pl.'s Mot. for Summ. J., issuing a ruling that, in Defendant's words, "interpret[s] the [AWA] to apply *only* to advertisements for illegal animal fighting ventures," *i.e.*, only to advertisements for actual animal fights. Mem. In Supp. of Def.'s Mot. for Summ. J. at 40-41.

On July 10, 2007, Plaintiff filed this Administrative Procedure Act case challenging that ruling. On September 12, 2007, Plaintiff consented to Defendant's request for an enlargement of time by which to file a responsive pleading, *see* Def.'s Consent Mot. to Enlarge Time (DE 9), and thereafter moved the Court for Summary Judgment on October 12, 2007. *See* DE 10. Concurrent with its motion for summary judgment, Plaintiff filed a motion to compel production of the Administrative Record, which Defendant had refused to produce. *See* DE 11. On October 30, 2007, the Court granted Plaintiff's motion to compel production of the Administrative Record, and instructed the parties to re-file summary judgment cross-motions after the Defendant filed the Administrative Record. *See* Minute Order (Oct. 30, 2007). After Defendant filed the Administrative Record on December 7,

2007, *see* DE 25, Plaintiff renewed its motion for summary judgment on December 20, 2007, *see* DE 26, and Defendant cross-moved for dismissal or summary judgment on January 24, 2008. *See* DE 27. Briefing on those cross-motions was completed on March 6, 2008.

## II.  Recent Legislative Development

Section 14207 of the Act makes several amendments to 7 U.S.C. § 2156 that bear directly upon the summary judgment motions pending in this action. First, and most importantly, the Act adds an express ban on the mailing of materials containing "advertising" for fighting animals and cockfighting weapons. It is now a felony for "any person" to

> knowingly use the mail service of the United States Postal Service or any instrumentality of interstate commerce for commercial speech for purposes of *advertising an animal, or an instrument described in subsection (e), for use in an animal fighting venture,* promoting or in any other manner furthering an animal fighting venture except as performed outside the limits of the States of the United States.

7 U.S.C. § 2156(c) (italics added to emphasize text added by the Act); *see also* 7 U.S.C. § 2156(e) (making it a felony to "sell, buy, transport, or deliver in interstate or foreign commerce a knife, a gaff, or any other sharp instrument attached, or designed or intended to be attached, to the leg of a bird for use in an animal fighting venture").

Plaintiff maintains, as it has previously argued, *see* Mem. In Supp. of Pl.'s Mot. for Summ. J. at 19-21 (DE 26), that the pre-Act language barring mailing of "commercial speech" promoting or furthering an animal fighting venture, which was added by Congress in 2007, *see* Pub. L. No. 110-22, § 3, 121 Stat. 88 (2007) (amending 7 U.S.C. § 2156(c)), operated as a ban on the mailing of advertisements for fighting animals and weapons. Regardless, the Act now makes unmistakable Congress's intent to rid the mailstream of such advertisements. Accordingly, Defendant's core legal position, in both its dispositive motion and the agency ruling under review, that "the Act did not include among its

3

provisions any ban on advertising of" cockfighting weapons and fighting animals, *see* Jun. 26, 2007 Ruling at 1 (Ex. E to Pl.'s Mot. for Summ. J.), is now completely without merit. *See also* Mem. In Supp. of Def.'s Mot. for Summ. J. at 40 (Defendant "interpret[s] the statute to apply only to advertisements for illegal animal fighting ventures," *i.e.*, advertisements for animal fights).

In addition to the express advertising ban, the Act also extends the scope of the prohibition on the sale, purchase, and transport of fighting animals. The Act now criminalizes the purchase, sale, and transport of fighting animals "in or *affecting* interstate or foreign commerce," whereas under prior law, this prohibition was limited to transactions across state lines or the borders of the United States. *See* 7 U.S.C. § 2156(b); *id.* § 2156(g)(1) (emphasis added). The Act also makes it unlawful to "possess" or "train" an animal for fighting purposes. *Id.* Finally, the Act increased the maximum prison sentence for any violation of 7 U.S.C. § 2156 from three to five years. *Id.* § 2156(j); *see also* 18 U.S.C. § 49.

This comprehensive suite of upgrades is a forceful demonstration of Congress's intent to shut down all avenues of illegal animal fighting commerce, and further demonstrates that the agency action under review is not in accordance with law and should be set aside.

Respectfully submitted,

   /s/   Ethan Carson Eddy
Ethan Carson Eddy (D.C. Bar No. 496406)
Rebecca G. Judd (D.C. Bar No. 486315)
Jonathan R. Lovvorn (D.C. Bar No. 461163)
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037
(202) 676-2329
(202) 778-6132 (fax)
eeddy@hsus.org

*Counsel for Plaintiff*

4

                                          Stuart Philip Ross (D.C. Bar No. 031658)
                                          Sarhana Livingston (D.C. Bar No. 975886)
                                          ROSS, DIXON & BELL, LLP
                                          2001 K Street, N.W.
                                          Washington, D.C. 20006
                                          (202) 662-2000

                                          *Of Counsel for Plaintiff*

July 11, 2008

Exhibit A to Plaintiff's Notice of Supplemental Authority

*The Humane Society of the United States v. United States Postal Service*

Civ. No. 07-1233 (LFO)

# H.R.6124

**Food, Conservation, and Energy Act of 2008 (Enrolled as Agreed to or Passed by Both House and Senate)**

Sec. 14207. Prohibitions on dog fighting ventures.

Sec. 14208. Department of Agriculture conference transparency.

Sec. 14209. Federal Insecticide, Fungicide, and Rodenticide Act amendments.

Sec. 14210. Importation of live dogs.

Sec. 14211. Permanent debarment from participation in Department of Agriculture programs for fraud.

Sec. 14212. Prohibition on closure or relocation of county offices for the Farm Service Agency.

Sec. 14213. USDA Graduate School.

Sec. 14214. Fines for violations of the Animal Welfare Act.

Sec. 14215. Definition of central filing system.

Sec. 14216. Consideration of proposed recommendations of study on use of cats and dogs in Federal research.

Sec. 14217. Regional economic and infrastructure development.

Sec. 14218. Coordinator for chronically underserved rural areas.

Sec. 14219. Elimination of statute of limitations applicable to collection of debt by administrative offset.

Sec. 14220. Availability of excess and surplus computers in rural areas.

Sec. 14221. Repeal of section 3068 of the Water Resources Development Act of 2007.

Sec. 14222. Domestic food assistance programs.

Sec. 14223. Technical correction.

# SEC. 14207. PROHIBITIONS ON DOG FIGHTING VENTURES.

(a) In General- Section 26 of the Animal Welfare Act (7 U.S.C. 2156) is amended--

    (1) in subsection (a)--

        (A) in paragraph (1), by striking `, if any animal in the venture was moved in interstate or foreign commerce'; and

        (B) in the heading of paragraph (2), by striking `STATE' and inserting `State';

    (2) in subsection (b)--

        (A) by striking `(b) It shall be' and inserting the following:

`(b) Buying, Selling, Delivering, Possessing, Training, or Transporting Animals for Participation in Animal Fighting Venture- It shall be'; and

        (B) by striking `transport, deliver' and all that follows through `participate' and inserting `possess, train, transport, deliver, or receive any animal for purposes of having the animal participate';

    (3) in subsection (c)--

        (A) by striking `(c) It shall be' and inserting the following:

`(c) Use of Postal Service or Other Interstate Instrumentality for Promoting or Furthering Animal Fighting Venture- It shall be'; and

        (B) by inserting `advertising an animal, or an instrument described in subsection (e), for use in an animal fighting venture,' after `for purposes of';

    (4) in subsection (d), by striking `(d) Notwithstanding' and inserting the following:

`(d) Violation of State Law- Notwithstanding';

    (5) in subsection (e), by striking `(e) It shall be' and inserting the following:

`(e) Buying, Selling, Delivering, or Transporting Sharp Instruments for Use in Animal Fighting Venture- It shall be';

    (6) in subsection (f)--

        (A) by striking `(f) The Secretary' and inserting the following:

`(f) Investigation of Violations by Secretary; Assistance by Other Federal Agencies;

Issuance of Search Warrant; Forfeiture; Costs Recoverable in Forfeiture or Civil Action- The Secretary'; and

>> (B) in the last sentence--

>>> (i) by striking `by the United States';

>>> (ii) by inserting `(1)' after `owner of the animals'; and

>>> (iii) by striking `proceeding or in' and inserting `proceeding, or (2) in';

> (7) in subsection (g)--

>> (A) by striking `(g) For purposes of' and inserting the following:

`(g) Definitions- In';

>> (B) in paragraph (1), by striking `any event' and all that follows through `entertainment' and inserting `any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment,';

>> (C) by striking paragraph (2);

>> (D) in paragraph (5)--

>>> (i) by striking `dog or other'; and

>>> (ii) by striking `; and' and inserting a period; and

>> (E) by redesignating paragraphs (3) through (5) as paragraphs (2) through (4), respectively;

> (8) by redesignating subsections (h) and (i) as subsections (i) and (j), respectively;

> (9) in subsection (i) (as so redesignated), by striking `(i)(1) The provisions' and inserting the following:

`(i) Conflict With State Law-

> `(1) IN GENERAL- The provisions';

> (10) in subsection (j) (as so redesignated), by striking `(j) The criminal' and inserting the following:

`(j) Criminal Penalties- The criminal'; and

      (11) in subsection (g)(6), by striking `(6) the conduct' and inserting the following:

`(h) Relationship to Other Provisions- The conduct'.

(b) Enforcement of Animal Fighting Prohibitions- Section 49 of title 18, United States Code, is amended by striking `3 years' and inserting `5 years'.